**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID ALVEY, | : | |
| Petitioner | : | |
| | : | No. 1:21-cv-639 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

On December 3, 2020, pro se Petitioner David Alvey ("Petitioner"), a federal prisoner who is serving the remainder of his sentence on home confinement in Mechanicsburg, Pennsylvania, and who was previously incarcerated at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of New Jersey. (Doc. No. 1). On February 9, 2021, that court screened the petition and determined that it should be properly considered as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because petitioner seeks to challenge his participation in the Federal Bureau of Prisons ("BOP")'s Residential Drug Abuse Program ("RDAP"). (Doc. No. 3.) Petitioner was granted leave to elect to proceed with his petition pursuant to § 2241 if he paid the filing fee, which he did on March 9, 2021. (Doc. No. 4.) On March 31, 2021, the court then transferred the matter to this Court because petitioner is confined within this judicial district. (Doc. No. 5.) In an Order dated April 19, 2021, the Court directed Respondent to file an answer to the § 2241 petition within twenty (20) days. (Doc. No. 8.) Respondent filed the answer on May 10, 2021. (Doc. No. 10.) Petitioner then filed a reply on May 25, 2021. (Doc. No. 11.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss the petition for lack of jurisdiction.

I.      **BACKGROUND**

The BOP operates RDAP to assist inmates who volunteer for treatment and have a verifiable substance use disorder overcome their substance use issues.  See BOP Program Statement 5330.11, Psychology Treatment Programs, available at https://www.bop.gov/policy/ progstat/5330.11.pdf.  RDAP consists of three components.  See 28 C.F.R. § 550.53(a).  The first component is the residential unit-based component which includes a course of individual and group activities provided in a separate treatment unit apart from the general prison population. See 28 C.F.R. § 550.53(a)(1).  In the second component, inmates must participate in the follow-up services to the RDAP unit-based component, which includes counseling support while they transition back into general population.  See 28 C.F.R. § 550.53(a)(2).  The third and final component is the community Transitional Drug Abuse Treatment Program ("TDAT") component, where they are transferred to community confinement and must complete community-based drug abuse treatment.  See 28 C.F.R. § 550.53(a)(3); see also Doc. No. 10 at 6-7.  Successful participation in all three components is required to complete RDAP.  See 28 C.F.R. §§ 550.53, 550.56(a).  One of the main benefits of completing RDAP is that the BOP has the discretion to reduce the sentence of an inmate convicted of a non-violent offense for up to twelve months.  See 28 C.F.R. § 550.55.

On June 4, 2018, Petitioner was convicted of and sentenced to a sixty month term of imprisonment for a violation of 18 U.S.C. § 1349, conspiracy to commit wire fraud, which was imposed by the United States District Court for the District of New Jersey.  (Doc. No. 10 at 3-4.) Petitioner's judgment of conviction specified that petitioner "is recommended to participate in the Residential Drug and Alcohol Program (RDAP)."  United States v. Alvey, No. 18-cr-47, Doc. No. 32 (D.N.J.).  Petitioner was initially incarcerated at the satellite camp at USP

2

Lewisburg, but was transferred to home confinement at his request pursuant to the CARES Act on October 28, 2020.  (See Doc. No. 10.)  He is projected to be released from his sentence on October 10, 2022.  (Doc. No. 10 at 4.)

While incarcerated at the satellite camp at USP Lewisburg, on September 30, 2019, Petitioner began participating in RDAP.  (Id.)  On April 2, 2020, Petitioner, who is a medically vulnerable inmate, moved from the RDAP unit to a unit for medically vulnerable inmates designed to limit potential Covid-19 transmission.  (Id.)  Petitioner moved into that unit, and on April 14, 2020, Petitioner voluntarily withdrew from RDAP.  (Id. at 4-5.)  On April 24, 2020, Petitioner re-enrolled in RDAP and remained in good standing there until September 2, 2020, when Petitioner voluntarily withdrew from the program in order to transfer to home confinement.  (Id. at 5.)  When Petitioner withdrew from the program, he had not completed the residential unit-based component or the TDAT component of RDAP.  (Id.)  At the time that he withdrew, Petitioner had completed approximately 11.5 months of the RDAP program.

In the petition, Petitioner states that the "Bureau of Prisons fail[ed] to apply federal statute 18 U.S.C. Section 3621(e) in a fair and impartial manner, despite Alvey's compliance with the programming hours required under the statute, thus the Bureau of Prisons application of Section 3621(e) in an arbitrary and capricious manner is raising constitutional questions of Due Process and equal protection under the law."  (Doc. No. 1 at 1.)

## II. DISCUSSION

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005).  In determining whether the Court has jurisdiction over the claims in a § 2241

petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence.  See Mabry v. Warden Allenwood FCI Low, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010)).

The United States Court of Appeals for the Third Circuit has recently considered whether a petitioner may challenge an RDAP placement decision in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 in Chambers v. Warden Lewisburg USP, --- F. App'x ---, 2021 WL 1696889 (3d Cir. April 29, 2021).  In Chambers, the Third Circuit determined that the district court had properly rejected the petitioner's request for placement in RDAP on jurisdictional grounds:

> [T]he District Court properly rejected on jurisdictional grounds Chambers's request for placement in an RDAP.  A challenge to the execution of one's sentence, under § 2241, requires allegations that the BOP's conduct is inconsistent with a command or recommendation in the judgment.  Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).  While the criminal judgment here included a recommendation that Chambers obtain intensive drug treatment while incarcerated, it did not recommend that he participate in a specific program, and there is no evidence in the record indicating that the BOP has blocked Chambers from receiving treatment.  Furthermore, the BOP has discretion to determine which prisoners are eligible to participate in an RDAP, see 18 U.S.C. § 3621(e)(5)(B), and the Administrative Procedures Act prohibits judicial review of RDAP-placement decisions.  See Standifer v. Ledezma, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011); see also 18 U.S.C. § 3625; Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011).  The District Court thus did not err in disposing of Chambers's RDAP claim.

See Chambers, 2021 WL 1696889, at *2.  The Third Circuit further states that:

> Even assuming, arguendo, that there were some discrepancy between the sentencing court's recommendation and the BOP's conduct, no habeas claim would arise.  Cf. Cardona, 681 F.3d at 537 n.7.  Entry into the RDAP would not guarantee less time served for Chambers, so his claim that he is being denied entry to the program improperly is not cognizable under § 2241.  See Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002).

4

See Chambers, 2021 WL 169889, at *2 n.2.  Although the Chambers decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow."  See Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).

The Court agrees with the reasoning in Chambers and concludes that it lacks jurisdiction over the claims in the petition as they are not cognizable in a § 2241 petition.  In Petitioner's criminal proceeding, the sentencing court recommended that Petitioner participate in the RDAP program.  The BOP placed Petitioner in the RDAP program, and Petitioner did, in fact, participate in the RDAP program.  The circumstances here are even more compelling than those in Chambers because Petitioner decided to be removed from RDAP in order to apply for CARES Act home confinement and voluntarily withdrew from the RDAP program.  Thus, even if there were a mechanism through which Petitioner could challenge his participation in the RDAP program, there was no action taken by the BOP that would be reviewable by the Court, because Petitioner removed himself from the program and elected to be released to home confinement, where there is no RDAP program.

Petitioner cites examples of other inmates he alleges have received the benefit of a sentence reduction despite having spent less time in RDAP than Petitioner.  Even if true, this Court would not be able to conclude that the BOP's decision not to award Petitioner a reduction in sentence was an abuse of discretion because the program requires inmates to complete TDAT, and Petitioner withdrew from the program before he could do so.  See 28 C.F.R. § 550.56(a) (providing that "For inmates to successfully complete all components of RDAP, they must participate in CTS [TDAT].  If inmates refuse or fail to complete CTS, they fail RDAP and are disqualified from any additional incentives").  Further, even if Petitioner had successfully completed the program, such completion would not guarantee a reduction of his sentence, only

that he would be considered for one, which the BOP "may" grant.  See 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55(a).  "[W]hile eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners." Carey v. Warden, FCI Allenwood-Low, No. 17-cv-500, 2017 WL 2288857, at *2 (M.D. Pa. May 25, 2017).  Thus, "[a] prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP."  See Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) (citing Reeb v. Thomas, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011), and Fristoe v. Thomson, 144 F.3d 627, 630 (10th Cir. 1998)).

The Court has comprehensively reviewed Petitioner's claims and arguments, and concludes that it lacks jurisdiction over this petition.  Accordingly, the petition must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed.  An appropriate Order follows.